# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | | |
|---|---|---|---|
| DAVID LEE MOON, | * | | |
| Petitioner, | * | | |
| v. | * | CASE NO. 4:08-CV-94 (CDL) | |
| JIMMY SIKES, Warden, | * | 28 U.S.C. § 2254 | |
| | | Habeas Corpus Petition | |
| Respondent. | * | | |

## REPORT AND RECOMMENDATION

On April 14, 2005, Petitioner Moon, a/k/a Michael Womack, a/k/a Erick Williams, who is currently serving a sentence at the Spalding County Correctional Institution, pled guilty in the Muscogee County Superior Court to burglary and theft by taking. (R-5, p. 58-75). Petitioner was sentenced as a recidivist to twenty years for the burglary with twelve years to be served in prison and the remainder on probation. *Id*. Petitioner was sentenced to the years in prison for the theft by taking charge, to be served concurrently with his parole violation and other sentence. *Id.* Petitioner did not file a direct appeal of his guilty plea. On February 22, 2006, Petitioner filed a state habeas petition which, after a hearing was held on May 3, 2006, was ultimately denied on February 5, 2007. (R-10). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on March 31, 2008. (R-10). On June 1, 2008, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-1). Respondent filed his Answer-Response on September 8, 2008. (R-9).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a

writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523.  Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.  In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

3

**Petitioner's Habeas Claims**

In his petition, Petitioner made several unenumerated claims for relief, as well as five enumerated claims. For the sake of clarity and to ensure that each of his claims are reviewed, the court will examine each of Petitioner's enumerated claims followed by the claims made in the "Statement of Facts" and "Argument and Citations" sections of his petition.

**I.     Enumerated Claims**

    **A.     Right to Jury Trial**

In his first enumeration of error, Petitioner claims that he was deprived of his right to a jury trial "by having allege[d] prior convictions in [his] indictment." (R-1, p. 27). The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999): *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court

may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

The record reveals that Petitioner's claim that he was deprived of his right to a jury trial was not raised at any time prior to his federal habeas petition. The Eleventh Circuit, in ruling on this issue, held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." See Ga. Code Ann. § 9-14-51. In this case there is no such indication, therefore, we conclude that a state habeas court would hold [Petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted.

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998).

Inasmuch as Petitioner's claim is legally barred in the State court for not having been timely raised there, by the foregoing federal authority, it is likewise barred from consideration in this court. Relevant to the issue of whether this court has the authority to review these issues, the Official Code of Georgia, in Section 9-14-51, states that:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless

> the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Furthermore, as stated above, the Petitioner pled guilty to the crimes charged and was sentenced accordingly. The United States Supreme Court, in ruling on issues raised by a petitioner as to constitutional deprivations which might have occurred prior to the entry of a guilty plea, held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Additionally, in *Tiemens v. United States,* 724 F.2d 928, 929 (11th Cir.) (per curiam) the court held that "[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process," *cert. denied,* 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984).

For the foregoing reasons, therefore, Petitioner 's claim that he was denied his right to a trial by jury lacks merit and should be dismissed.

**B.     Right to Appeal**

Petitioner next contends that where his attorney failed to file an appeal on his behalf,

he was deprived of his right to appeal his guilty plea. (R-1, p. 27). As to this issue, the Georgia Supreme Court has held that Petitioner does not have an unqualified right to appeal a guilty plea under Georgia law. *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996). Since there is no constitutional right to a direct appeal, there can be no violation of that right should an attorney fail to file the same. Furthermore, questions of pure state law do not present cognizable federal habeas claims. *Pulley v. Harris,* 465 U.S. 37, 41 (1984). The writ of habeas corpus shall not extend to a state prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Because no federal law exists which would show that the Georgia law regarding the right to a direct appeal runs contrary to any federal constitutional principles, Petitioners' claim must fail.

### C.     Notice of Recidivist Treatment

Petitioner next contends that he was not given notice of the state's intention to seek recidivist punishment in his case. (R-1, p. 27). The record reveals that Petitioner raised this claim in his state habeas petition. The state habeas court found that his claim was waived by the entry of his guilty plea pursuant to *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Court determined that "had Petitioner wanted to raise an issue about not receiving a 'notice of intent' from the state to seek recidivist punishment, he should have done so prior to pleading guilty." (R-10-2, p. 54).

Furthermore, as stated above, this court has the authority to grant a writ of habeas corpus where an adjudication made by the state court was contrary to or involved an

unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Where this court finds that the Petitioner has failed to show any improper determinations made by the state court, however, it is without the authority to disturb the state court's findings.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness of the determination of his claim that he did not receive notice of the State's intention to punish him as a recidivist. There is nothing in the record to suggest that the decision by the state habeas court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Therefore, it is recommended that Petitioner is not entitled to relief on this claim.

### D.     Ineffective Assistance of Counsel

Petitioner's next two claims involve ineffective assistance of counsel allegations. First, Petitioner alleges that his non-negotiated guilty plea was "obtained by persuasive and compelling tactics by his attorney." (R-1, p. 27). Second, Petitioner alleges that his counsel failed to respond to phone calls and letters by he and his wife, thereby prohibiting him from assisting with his own defense. *Id* at 28.

The record reveals that Petitioner raised these claims in his state habeas petition. The Court determined that Petitioner's attorney did not coerce him into entering a guilty plea, but merely advised him, after learning that Petitioner would be sentenced as a recidivist, which sentencing judge would be more likely to impose a lighter sentence. (R-10-2, p. 57). The

Court noted that Petitioner twice informed the court that he was voluntarily pleading guilty. *Id.* The habeas Court further determined that counsel "adequately communicated with Petitioner." *Id.* at 62.

Ultimately, the Baldwin County Superior Court found that Petitioner failed to establish either prong of ineffective assistance of counsel. *Id.* Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Williams v. Taylor*, the burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of counsel. A review of that decision fails to show that Petitioner has established that the state habeas court unreasonably applied the *Strickland* test. Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Thus, it is recommended that Petitioner is not entitled to relief on his claims that he was coerced by his attorney into pleading guilty or that his attorney failed to communicate with him prior to the entry of his guilty plea.

**II.    Unenumerated Claims**

    **A.    Ineffective Assistance of Counsel**

As noted above, in the "Statement of Facts" section of his petition for habeas corpus relief, Petitioner made several ineffective assistance of counsel claims. Specifically, Petitioner alleges that his counsel was ineffective where he failed to file a requested Motion for Speedy Trial, failed to file a "Motion to Dismiss for Failure to Indict", failed to file a Notice of Appeal, along with other requests made by Petitioner over the ten months he was represented by counsel. (R-1, p. 6). Additionally, in the "Argument and Citations" section, Petitioner contends that his counsel used "persuasive and compelling tactics" to coerce his guilty plea[1], failed to make key objections, failed to appeal his conviction, failed to provide him with notice of the state's intent to seek recidivist punishment[2] and lastly, Petitioner claims that his counsel abandoned him. (R-1, p. 24).

As to his claims that counsel failed to file a motion to dismiss, abandoned Petitioner and failed to make key objections, the Respondent argues that these claims are procedurally defaulted where Petitioner failed to raise them in his state habeas petition. The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999): *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). "[P]rocedural default can arise in two ways. First, where the state court

---

[1] This contention has already been reviewed.

[2] This contention has already been reviewed.

correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

Furthermore, a federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes.* 433 U.S. 72. A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 F.2d 1268, 1275 (11th Cir. 1990); *quoting Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989); s*ee McCoy v. Newsome,* 953 F.2d 1252 (1992).

Inasmuch as Petitioner's claims are legally barred in the State court for not having been timely raised there, they are, by the foregoing federal authority, likewise barred from consideration in this court. Relevant to the issue of whether this court has the authority to review these issues, the Official Code of Georgia, in Section 9-14-51, states that:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Therefore, Petitioner's claims that counsel failed to file a motion to dismiss and that his counsel abandoned him are procedurally barred and it is recommended that Petitioner is not entitled to relief on those grounds.

As to the remaining claims of ineffective assistance of counsel, specifically, that counsel failed to file a speedy trial demand and failed to inform him that he was being indicted as a recidivist, the record reveals that Petitioner raised said claims in his state habeas petition. The state habeas Court found that Petitioner failed to establish either prong of ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As noted previously, *Williams v. Taylor* holds that the burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410. It is found that Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of counsel. Therefore, it is recommended that Petitioner is not entitled to relief on his remaining claims that he received ineffective assistance of counsel.

**B.     Remaining Claims**

Throughout his application for habeas relief, Petitioner makes several more contentions of error including: that "the Chattahoochee Judicial Circuit . . . has displayed judicial misconduct, impropriety and a gross abdication from their judicial functioning by frustrating, delaying and denying the Petitioner his statutory right to perfect and pursue his appeal" where the court conspired to delete pertinent and vital information from his guilty plea transcript; that the record of his case is "vicious and repugnant and that it is barren of any evidence, findings, or conclusions pursuant to O.C.G.A. 17-10-2 that would support the jurisdiction of the sentencing court in this case to impose recidivist punishment"; and that his guilty plea was invalid because the plea agreement was never signed by him, his counsel, or the district attorney. (R-1).

As was stated clearly in a previous section, questions of pure state law do not present cognizable federal habeas claims. *Pulley v. Harris,* 465 U.S. 37, 41 (1984). The writ of habeas corpus shall not extend to a state prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Furthermore, as also noted above, Petitioner's remaining claims are procedurally defaulted where he failed to raise them in his state habeas proceeding. For those reasons, Petitioner's claims must fail.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with

the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 23rd day of September, 2008.

                                                    S/ G. MALLON FAIRCLOTH  
                                                    UNITED STATES MAGISTRATE JUDGE

eSw